UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JEFFERY HAMM,

                              Plaintiff,

            -against-                                          20-CV-2876 (LLS)

CITY UNIVERSITY OF NEW YORK;                                   ORDER TO AMEND
HERBERT H. LEHMAN COLLEGE; OFFICE
OF STUDENTS WITH DISABILITIES

                              Defendants.

LOUIS L. STANTON, United States District Judge:

      Plaintiff, a veteran with post-traumatic stress disorder (PTSD), brings this *pro se* action

under 42 U.S.C. § 1983, alleging that Defendants allowed him to fail his classes because they did

not inform him that he could withdraw from school, without penalty, after the death of his wife.

By order dated July 16, 2020, the Court granted Plaintiff's request to proceed without

prepayment of fees, that is, *in forma pauperis* (IFP).[1] For the reasons set forth below, the Court

grants Plaintiff leave to file an amended complaint within sixty days of the date of this order.

## STANDARD OF REVIEW

      The Court must dismiss an IFP complaint, or any portion of the complaint, that is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P.

12(h)(3).

---

      [1] Prisoners are not exempt from paying the full filing fee even when they have been
granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

**BACKGROUND**

Plaintiff Jeffery Hamm ("Plaintiff") brings this action against Defendants City University of New York ("CUNY"), Herbert H. Lehman College, and the Office of Students with Disabilities (collectively "Defendants"). Plaintiff alleges that Defendants "violated his rights as a student of CUNY and instead allowed [him] to fail." (ECF No. 1 at 4.)

The following allegations are from the complaint. Plaintiff's "common law wife overdosed on fentanol [sic] on March 2nd of 2019." (*Id.*) At the time, Plaintiff was "enrolled full time at Herbert H. Lehman College." (*Id.*) He reported the incident to his "psychology prof[essor] and exercise science [professor] as well as [his] math and Civil Rights Era history prof[essor]." (*Id.*) "At this time, [he] made them aware of the fact [he] was a veteran with P.T.S.D." (*Id.*) In addition, Plaintiff spoke to the Veterans Office Counselor "who told [him] to speak to the Counseling [Office]," which then "told [him] to go to the [Office] of Students with Disabilities." (*Id.*) It was there that he was not "informed that [he] had the option to withdraw from all classes at [the] time without penalty."[2] (*Id.*) This violated his "rights as a student of CUNY and instead allowed [him] to fail." (*Id.*)

For relief, Plaintiff seeks: (1) his grade point average restored; (2) his credits, including all transfer credits, restored; (3) "financial aid status (eligibility)"; (4) "removal from default"; and (5) to be "allowed to complete Adult Degree Program requirements to whichever degree [he] may choose to major." (*Id.* at 5.)

---

[2] Plaintiff's complaint only mentions the date of his wife's overdose—March 2, 2019. (ECF No. 1 at 4.) It does not state the date on which he spoke to his professors, the Veterans Office Counselor, the Counseling Office, or the Office of Students with Disabilities.

**DISCUSSION**

Because Plaintiff states that he is a veteran who suffers from PTSD, the Court construes Plaintiff's complaint as asserting claims under Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. §§ 701-796, as well as under Titles II and III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12112-12117.

**A.     Claims Against Herbert H. Lehman College and Office of Students with Disabilities**

Plaintiff names as Defendants CUNY, Lehman College, and the Office of Students with Disabilities. Under New York Law, CUNY is a separate and distinct corporate body. *See* N.Y. Educ. Law § 6203. "Lehman College is a senior college within CUNY and has no separate legal existence." *Ross v. State of N.Y.*, No. 15-CV-3286, 2016 WL 626561, at *3 (S.D.N.Y. Feb. 16, 2016). Furthermore, it does not appear that the Office of Students with Disabilities is a legally cognizable entity separate from CUNY. *See* N.Y. Educ. Law §§ 6202(2) and 6202(5); *Clissuras v. City Univ. of N.Y.*, 359 F.3d 79, 81 n.2 (2d Cir. 2004) (*per curiam*). Therefore, the claims against both Lehman College and the Office of Students with Disabilities are dismissed.

**B.     Claims Arising Under the Rehabilitation Act and the Americans with Disabilities Act**

1.     Eleventh Amendment

Plaintiff brings this action against CUNY, which, for the purposes of sovereign immunity, is an "arm of the state.". *Clissuras*, 359 F.3d at 81 (holding that a CUNY senior college is an "arm of the state" for Eleventh Amendment purposes). It is well established that under the Eleventh Amendment, "nonconsenting States may not be sued by private individuals in federal court." *Bd. of Trustees of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001). Moreover, "the Eleventh Amendment extends immunity not only to a state, but also to entities considered 'arms of the state.'" *Clissuras*, 359 F.3d at 81 (internal quotation marks and citation omitted).

4

Congress, however, "may abrogate the States' Eleventh Amendment immunity when it both unequivocally intends to do so and 'act[s] according to a valid grant of constitutional authority.'" *Garrett*, 531 U.S. at 363 (internal quotation marks and citation omitted).

Congress has clearly stated its intent to abrogate the sovereign immunity of the States under Title II of the ADA. 42 U.S.C. § 12202 ("A State shall not be immune under the eleventh amendment to the Constitution of the United States from an action in Federal or State court of competent jurisdiction for a violation of this chapter."); *Keitt v. New York City*, 882 F. Supp. 2d 412, 425 (S.D.N.Y. 2011) (noting that claims against defendants in their official capacities for a Title II violation are not barred by the 11th Amendment). Thus, to the extent that Plaintiff raises claims under Title II of the ADA, Eleventh Amendment sovereign immunity does not shield CUNY.

Similarly, claims under the Rehabilitation Act are "not barred by the 11th Amendment because New York has waived sovereign immunity with respect to those claims." *Id.* Congress clearly expressed an intent to "condition acceptance of federal funds on a state's waiver of Eleventh Amendment immunity," through Section 2000d-7 of Title 42, which provides that the "State shall not be immune under the Eleventh Amendment of the Constitution of the United States from suit in Federal Court for a violation of Section 504 of the Rehabilitation Act of 1973." *Garcia v. SUNY Health Scis. Ctr. of Brooklyn*, 280 F.3d 98, 113 (2d Cir. 2001). Thus, any claims plaintiff raises under § 504 of the Rehabilitation Act are not barred by the Eleventh Amendment.

2.    Rehabilitation Act Claim

Section 504 of the Rehabilitation Act provides that "[n]o otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from participation in, be denied the benefits of, or be subject to discrimination under

any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a). "Program or activity" is defined as all operations of "a college, university, or other postsecondary institution, or a public system of higher education." 29 U.S.C. § 794(b)(2)(A).

To state a disparate treatment claim under the Rehabilitation Act, a plaintiff must allege that he "(1) is a 'handicapped person' as defined by the Rehabilitation Act, (2) is 'otherwise qualified' to participate in the offered activity or benefit; (3) was excluded from such participation solely by reason of h[is] handicap; and (4) was denied participation in a program that receives federal funds." *Biondo v. Kaledia Health*, 935 F.3d 68, 73 (2d Cir. 2019) (quoting *Loeffler v. Staten Island Univ. Hosp.*, 582 F.3d 268, 275 (2d Cir. 2009)).

Here, Plaintiff only alleges that he informed his professors of his PTSD, after which he visited the Office of Students with Disabilities, which did not "inform[] [him] that [he] had the option to withdraw from all classes . . . without penalty . . . instead allow[ing] [him] to fail." (ECF No. 1 at 4.) Because Plaintiff has not alleged that he was excluded from a benefit *solely* due to his disability, the Court grants Plaintiff leave to amend his complaint to state a claim under the Rehabilitation Act.

3.    Title II Claim

Under Title II of the ADA, "[n]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.

To state a claim under Title II, a plaintiff must allege that "(1) he is a qualified individual with a disability; (2) he has been denied the benefits of a public entity's services, programs or activities or was otherwise discriminated against; and (3) such exclusion, denial of benefits or

discrimination was by reason of his disability." *Goonewardena v. New York*, 475 F. Supp. 2d 310, 324 (S.D.N.Y. 2007).

Even assuming Plaintiff has stated facts suggesting that he is a qualified individual with a disability and that he has been denied certain benefits, his complaint does not allege that he was denied benefits because of his disability. It is unclear if the Veterans Office Counselor or the Office of Students with Disabilities knew of Plaintiff's PTSD Plaintiff only states that he told his psychology, exercise, math, and "Civil Rights Era history" professors of what happened with his wife and, "[a]t this time [he] made them aware of the fact that [he is] a veteran with P.T.S.D." (ECF No. 1 at 4.) The Court therefore grants Plaintiff leave to amend his complaint to allege any facts suggesting that he was discriminated against because of his PTSD.

4.    Title III Claim

Title III of the ADA requires that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of goods, services . . .  or accommodations of any place of public accommodation by any person who owns . . . or operates a place of public accommodation." 42 U.S.C. § 12182(a). "Title III is not applicable to public entities, including any entity which is an 'instrumentality of a State.'" *Goonewardena*, 475 F. Supp. 2d at 321 (quoting 42 U.S.C. §§ 12132(1)(B), 12181(6)). Lehman College is a senior college within the CUNY system, *Ross*, 2016 WL 626561, at *3, and is therefore an "arm[] of the state." *Id.* (quoting *Clissuras*, 359 F.3d at 81). The college is also a public entity under § 12131(1)(B) (defining public entity as "any department, agency, special purpose district, or other instrumentality of a State or States or local government"). Plaintiff's Title III claims must therefore be dismissed.

## LEAVE TO AMEND

Plaintiff is granted leave to amend his complaint to detail his Rehabilitation Act and Title II claims. In the statement of claim, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant named in the amended complaint. Plaintiff is also directed to provide the addresses for any named defendants. To the greatest extent possible, Plaintiff's amended complaint must:

a)  give the names and titles of all relevant persons;

b)  describe all relevant events, stating the facts that support Plaintiff's case including what each defendant did or failed to do;

c)  give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

d)  give the location where each relevant event occurred;

e)  describe how each defendant's acts or omissions violated Plaintiff's rights and describe the injuries Plaintiff suffered; and

f)  state what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

Essentially, the body of Plaintiff's amended complaint must tell the Court: who violated his federally protected rights; what facts show that his federally protected rights were violated; when such violation occurred; where such violation occurred; and why Plaintiff is entitled to relief. Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

Plaintiff is granted leave to file an amended complaint to allege facts in support of his Rehabilitation Act and Title II claims. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 20-CV-2876 (LLS). An Amended Complaint Form is attached to this order. No summons will be issued at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

SO ORDERED.

Dated:   August 5, 2020
         New York, New York

                                        _Louis L. Stanton_
                                        Louis L. Stanton
                                        U.S.D.J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.


-against-

_____

_____

_____

_____

Write the full name of each defendant. If you need more
space, please write "see attached" in the space above and
attach an additional sheet of paper with the full list of
names. The names listed above must be identical to those
contained in Section II.

_____CV_____
(Include case number if one has been
assigned)

**AMENDED**

**COMPLAINT**

Do you want a jury trial?
    ☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

---

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐   **Federal Question**

☐   **Diversity of Citizenship**

## A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

## B.   If you checked Diversity of Citizenship

### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
          (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____ , is a citizen of the State of
                 (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____ .

If the defendant is a corporation:

The defendant, _____ , is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____ .

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

_____

First Name                  Middle Initial        Last Name

_____

Street Address

_____

County, City                         State            Zip Code

_____      _____

Telephone Number               Email Address (if available)

Page 3

## B.   Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:

First Name                              Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                            State                  Zip Code

Defendant 2:

First Name                              Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                            State                  Zip Code

Defendant 3:

First Name                              Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                            State                  Zip Code

Defendant 4:

_____

First Name                        Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                        State                Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____


Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

**IV. RELIEF**

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

## V.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

| |
|---|
| Street Address |

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes   ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.