UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEFFERY HAMM, <br><br> Plaintiff, <br><br> -against- <br><br> CITY UNIVERSITY OF NEW YORK; HERBERT H. LEHMAN COLLEGE; OFFICE OF STUDENTS WITH DISABILITIES; GABRIELLA KOHLER, ASSOCIATE DIRECTOR, STUDENT DISABILITY SERVICES; IVANA KRSTOVSKA-GUERRERO, PhD.; ENJA SCHENCK, EXS 264, LEHMAN COLLEGE, <br><br> Defendants. | 20-CV-2876 (LLS) <br><br> ORDER OF DISMISSAL |

LOUIS L. STANTON, United States District Judge:

Plaintiff, a veteran with post-traumatic stress disorder (PTSD), is proceeding *pro se* and *in forma pauperis* (IFP). He filed a complaint alleging that Defendants violated his rights by allowing him to fail his classes because they did not inform him that he could withdraw from school, without penalty, after the death of his wife. By order dated August 6, 2020, the Court: (1) construed Plaintiff's complaint as asserting claims under Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. §§ 701-796, as well as under Titles II and III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12112-12117; (2) dismissed Plaintiff's claims against Herbert H. Lehman College and the Office of Students with Disabilities; (3) dismissed Plaintiff's claims under Title III of the ADA; and (4) granted Plaintiff leave to amend his complaint to detail his Rehabilitation Act and Title II claims. (ECF No. 10.)

Plaintiff filed an amended complaint on September 15, 2020, again naming Herbert H. Lehman College and the Office of Student with Disabilities as Defendants. (ECF No. 11.) Plaintiff also names as Defendants Gabriella Kohler, Associate Director of Student Disability Services; Ivan

Krstovska-Guerrero; and Enja Schenck. (*Id.*) In his amended complaint, Plaintiff reiterates many of the same allegations contained in his original submission and he continues to express that because of his circumstances, Defendants should have allowed him to withdraw from his classes without penalty. He repeats the allegation that he is disabled, but, as in his original complaint, he does not allege that he was denied benefits because of his disability or that he was excluded from a benefit *solely* due to his disability.[1] Because Plaintiff does not allege that that his disability was the basis for Defendants' conduct, Plaintiff's claims under the Rehabilitation Act and Title II of the ADA must be dismissed for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

Plaintiff's amended complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff's request for injunctive relief is denied as moot.

SO ORDERED.

Dated: November 2, 2020
New York, New York

*Louis L. Stanton*
Louis L. Stanton
U.S.D.J.

---

[1] To state a disparate treatment claim under the Rehabilitation Act, a plaintiff must allege that he "(1) is a 'handicapped person' as defined by the Rehabilitation Act, (2) is 'otherwise qualified' to participate in the offered activity or benefit; (3) was excluded from such participation solely by reason of h[is] handicap; and (4) was denied participation in a program that receives federal funds." *Biondo v. Kaledia Health*, 935 F.3d 68, 73 (2d Cir. 2019) (quoting *Loeffler v. Staten Island Univ. Hosp.*, 582 F.3d 268, 275 (2d Cir. 2009)).

To state a claim under Title II, a plaintiff must allege that "(1) he is a qualified individual with a disability; (2) he has been denied the benefits of a public entity's services, programs or activities or was otherwise discriminated against; and (3) such exclusion, denial of benefits or discrimination was by reason of his disability." *Goonewardena v. New York*, 475 F. Supp. 2d 310, 324 (S.D.N.Y. 2007).